**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**ROGER E. HEIDELBERG**                                                 **PETITIONER**

**V.**                                                 **CASE NO. 2:12-CV-112-KS-MTP**

**RON KING**                                                 **RESPONDENT**

---

## REPORT AND RECOMMENDATION

This matter is before the Court on Roger E. Heidelberg's Petition for Writ of Habeas Corpus [1] and Motion for New Sentencing [14]. The Petitioner claims that he is entitled to habeas relief because there was insufficient evidence to convict him at his criminal trial. He further contends that the trial court incorrectly sentenced him as a habitual offender because the prosecution failed to prove beyond a reasonable doubt that he met the requirements of a habitual criminal under Miss. Code. Ann. § 99-19-81. Ron King, the respondent in this matter, argues that the evidence presented at the criminal trial supports Heidelberg's conviction; that the Petitioner was appropriately sentenced by the trial court; and that several of the claims raised in the Petition are procedurally barred. Upon due consideration of the parties' submissions, case record, and applicable law, the undersigned is of the opinion that Heidelberg's Petition for Writ of Habeas Corpus [1], as amended, pursuant to 28 U.S.C. § 2254 and Motion for New Sentencing [14] should be denied for the reasons provided below.

FACTS AND PROCEDURAL HISTORY

Underlying Criminal Case and Conviction

On November 17, 2007, a twelve-year-old girl reported to the Laurel Police Department that Roger E. Heidelberg, whom she then believed to be her biological father, sexually assaulted

1

her. *Heidelberg v. State*, 45 So. 3d 730, 731 (Miss. Ct. App. 2010), *reh'g denied*, August 29, 2011. The victim reported that Heidelberg had given her vodka throughout the day and that, as a result, she began vomiting and passed out. *Id.*; Trial Transcript [11-2] at 71-76. The victim alleged that when she woke in a state of semi-consciousness, she was in her mother's bedroom and Heidelberg was having sexual intercourse with her. *Heidelberg v. State*, 45 So. 3d at 731; Trial Transcript [11-2] at 71-76. The victim's brother and two other young boys at the home claimed they looked through an opening in the bedroom door and witnessed the incident. Doc. [11-4] at 48-50.

On May 8, 2008, Heidelberg was indicted for sexual battery and incest. Doc. [11-1] at 7. During the investigation of the crime, it was determined that Heidelberg was not the victim's biological father and the incest charge was dismissed. *Id.* at 64. The indictment was later amended to charge him as a habitual offender.[1] *Id.* at 22-23. Heidelberg was tried in the Second Judicial District for the Circuit Court of Jones County, Mississippi, and on April 7, 2009, a jury found him guilty of sexual battery.[2] Doc. [11-1] at 70. On April 9, 2009, he was sentenced as a habitual offender pursuant to Miss. Code Ann. § 99-19-81 to serve a term of life imprisonment without the possibility of parole in the custody of the Mississippi Department of Corrections ("MDOC"). Doc. [11-1] at 70-71.

---

[1]Heidelberg had twice previously been convicted of a felony and sentenced by the same court and judge before whom the underlying criminal case was pending.

[2]Heidelberg was convicted under MISS. CODE ANN. § 97-3-95(1)(d), which provides that:

> A person is guilty of sexual battery if he or she engages in sexual penetration with...[a] child under the age of fourteen (14) years of age, if the person is twenty-four (24) or more months older than the child.

<u>Post-Conviction Motions and Appeals</u>

On April 16, 2009, Heidelberg moved for a new trial, arguing that: (1) the verdict was against the weight of the evidence; (2) the trial court erred in admitting evidence and testimony over his objections; (3) the trial court failed to provide funds for the defense to hire a DNA expert; and (4) the indictment was wholly void and should have been dismissed. *Id.* at 75-76. Before a ruling was entered on that motion, Heidelberg filed a "motion for appeal," wherein he asserted that he was wrongfully sentenced as a habitual offender.[3] *Id.* at 77-78. On June 3, 2009, the trial court denied the motion for a new trial. *Id.* at 79. That same day, Heidelberg filed a notice of appeal to the Mississippi Supreme Court. Doc. [11-1] at 80. The case was assigned the Mississippi Court of Appeals.

On direct appeal, Heidelberg argued that his sentence should be reversed because the prosecution failed to offer certified sentencing orders during the sentencing hearing. Doc. [11-3] at 2-15. However, the Mississippi Court of Appeals found that because this issue had not previously been raised, it was procedurally barred.[4] *Heidelberg*, 45 So. 3d at 732-734. In addition, because Heidelberg did not contest the validity or sufficiency of his prior convictions, the appellate court affirmed the trial court's ruling. *Id.* at 734; Doc. [11-3] at 168-174. On August 9, 2011, the court of appeals denied Heidelberg's motion for rehearing. Doc. [11-3] at 72-73, 115.

On August 19, 2011, Heidelberg petitioned the Mississippi Supreme Court for writ of

---

[3]The motion for appeal was handwritten and signed by the Petitioner, whereas the motion for a new trial was filed by his attorney.

[4]Heidelberg did not object at his sentencing hearing to the State's evidence of his habitual-offender status, nor did he raise the issue in his motion for a new trial.

3

certiorari.[5]  Doc. [11-3] at 50.  His petition was denied on October 27, 2011.  *Heidelberg v.*

*State,* 71 So. 3d 1207, 1207 (Miss. 2011); Doc. [11-3] at 49.  Heidelberg then filed an

application for leave to proceed in the trial court and petition for post-conviction relief, asserting

prosecutorial misconduct, ineffective assistance of counsel, and cumulative error.[6]  Doc. [11-4]

at 290-298.  On March 28, 2012, the Mississippi Supreme Court denied his request, stating in

relevant part as follows:

> In this petition, he asserts that he was denied effective assistance of counsel and
> that he was subject to prosecutorial misconduct; however, his application fails to
> specifically allege that counsel was ineffective and that but for counsel's deficient
> performance the results of the trial would have been different...Heidelberg makes
> only general claims and presents no specific facts upon which the trial court could
> find merit.  Therefore, the panel finds that the application should be denied where
> Heidelberg fails to make a substantial showing of a denial of a state or federal
> right, pursuant to Miss. Code Ann. § 99-39-25(5).

Doc [11-4] at 269.

On April 9, 2012, Heidelberg filed a "Brief of Appellee," wherein he again challenged

his conviction and sentence.  Doc. [11-4] at 253-264.  The Mississippi Supreme Court

interpreted the brief as a successive motion for post-conviction relief and dismissed it as

procedurally barred on May 31, 2012. Doc. [11-4] at 2.   Heidelberg moved for a rehearing, but

the motion was denied. Doc. [11-4] at 4.

On June 27, 2012, Heidelberg filed a Petition for Writ of Habeas Corpus in this Court,

---

[5]Heidelberg had previously filed a petition for writ of certiorari on May 2, 2011.  Doc.
[11-3] at 98-113.  However, at that time, his motion for rehearing was pending before the
Mississippi Court of Appeals and, for that reason, his petition was dismissed as premature. Doc.
[11-3] at 97.

[6]Although Heidelberg asserts in the Petition that he raised the issue of illegal sentence in
his motion for post-conviction relief with the trial court, no such argument appears in the actual
motion.  *Compare* Petition [1] at 3 with Doc. [11-4] at 291-296

wherein he asserts the following grounds for relief:

(1)      Insufficient evidence[7]

(2)      Ineffective assistance of trial counsel

      a.      Allowed state witnesses to offer perjured testimony

      b.      Failure to enter any evidence into the case

      c.      Failure to request assistance in evaluation of the State's evidence

      d.      Failure to investigate

      e.      Allowed petitioner to be illegally sentenced

      f.      Failure to request change of venue[8]

      g.      Failure to challenge admission of rape kit[9]

      h.      Failure to challenge Juror 22

(3)      Illegally sentenced as a habitual offender

(4)      Wrongful conviction

On July 31, 2012, Respondent Ron King filed an Answer [10] to the Petition. King asserts that the claims under Ground Four and under sub-parts (e)(f)(g) and (h) of Ground Two of the Petition are procedurally barred. King further claims that Heidelberg should not be

---

[7]Heidelberg provided the following text as to Ground One: "The only evidence was Blood stain card that only show that Appellant was the one State was seeking to charge. Prosecutor Miscellaneous." Petition [1] at 5. The undersigned interprets this language as a claim for insufficient evidence.

[8]In his supplement [3] to the Petition, Heidelberg argues that he requested trial counsel to move for a change of venue, but counsel declined to do so. Doc. [3] at 1. This argument was also presented in Heidelberg's petition for post-conviction relief in the trial court. Doc. [11-4] at 294.

[9]Heidelberg raised Ground Two sub-arguments f, g, and h in his supplement to the Petition. Doc. [3] at 2.

granted habeas relief on the remaining grounds because the state court decision is neither contrary to nor an unreasonable application of federal law. In response to these arguments, Heidelberg filed a Traverse [12], wherein he contends that the procedural bar to his claims should be excused because his attorney failed to preserve and/ or raise the issues on appeal. King opposes this argument and asserts that Heidelberg should not be excused for the default. Doc. [13].

On February 28, 2013, Heidelberg moved for a new sentencing hearing [14], wherein he requests that his sentenced be reversed or, in the alternative, that he be given a new sentencing hearing. He also argues that no clear evidence of penetration was presented at his criminal trial. King opposes the motion and contends that Heidelberg has not shown that he is entitled to the relief he requests. The petition and motion have been fully briefed by the parties. Therefore, this matter is now ripe for a ruling.

DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") and case law interpreting it provide the standards under which the instant petition must be evaluated.[10] *See Neal v. Puckett*, 286 F.3d 230, 235 (5th Cir. 2002), *cert. denied*, 537 U.S. 1104 (2003); *Lindh v. Murphy*, 521 U.S. 320, 324-26 (1997) (stating that the AEDPA applies to federal habeas corpus petitions filed on or after April 24, 1996). As a preliminary matter, applicants must exhaust all state remedies before seeking federal habeas relief. Title 28 U.S.C. § 2254 provides, in relevant part, that:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody

---

[10]Heidelberg's petition was filed after the effective date of the AEDPA.

pursuant to the judgment of a State Court shall not be granted unless it appears that–

    (A)  the applicant has exhausted the remedies available in the courts of the State; or

    (B)(i)  there is an absence of available State corrective process; or

      (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

  (2) An application for writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State

Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. *Byron v. Epps,* -- F. App'x--, 2013 WL 1277086, at *7 (5th Cir. 2013); *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 158 L.Ed. 2d 64 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "The longstanding exhaustion requirement is not jurisdictional, but reflects the policy of federal-state comity, which is designed to give state courts the initial opportunity to consider and correct alleged violations of their prisoners' federal rights." *Morris v. Dretke*, 413 F.3d 484, 490-91 (5th Cir. 2005) (citing *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003).

To satisfy the exhaustion requirement under § 2254(b)(1)(A), a federal habeas applicant must generally present his claims to the state's highest court in a procedurally proper manner and provide that court with a fair opportunity to act on the claims. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997); *Carter v. Estelle*, 677 F.2d 427, 442-44 (5th Cir. 1982). A claim is exhausted "when the substance of the federal habeas claim has been fairly presented to the highest state court." *Smith v. Dretke,* 422 F.3d 269, 276 (5th Cir. 2005). If a claim is fairly presented to the highest state court on direct appeal or in post-conviction proceedings, it will be deemed exhausted "even if the state court fails to address the federal claim," *Soffar v. Dretke*,

368 F.3d 441, 467 (5th Cir. 2004), or if the federal claim is not fairly presented but the state court addresses it *sua sponte*, *Jones v. Dretke*, 375 F.3d 352, 355 (5th Cir. 2004). The exhaustion requirement is not satisfied if a petitioner presents new legal theories or new factual claims in his federal application. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998); *see also Nobles*, 127 F.3d at 420.

<u>Unexhausted and Procedurally Barred Claims</u>

In the instant matter, Heidelberg's claims are deemed exhausted only after the Mississippi Supreme Court, the highest state court, has been given a fair opportunity to review them. The parties in this case appear to agree that certain claims raised in the Petition are unexhausted.[11] The record shows that Heidelberg never sought review by the Mississippi Supreme Court of his claims for wrongful conviction and ineffective assistance based on his trial counsel's failure to challenge admission of a rape kit into evidence, to challenge Juror 22, and to prevent Heidelberg from being sentenced as a habitual offender.[12] Because these claims were not raised in the highest state court, Heidelberg fails to satisfy the exhaustion requirement under § 2254(b)(1)(A). Accordingly, the claims presented under Ground Four and under sub-parts

---

[11]King argues that the claims under Ground Four and under sub-parts (e)(f)(g) and (h) of Ground Two were never presented to the Mississippi Supreme Court. In his Traverse, Heidelberg argues that the procedural bar to his claims should be excused because his attorney failed to preserve the claims on appeal. Thus, both parties acknowledge that a procedural default applies to some of the claims raised in the Petition.

[12]The Respondent contends that Heidelberg's claim under Ground Two sub-part (f) has not been exhausted. However, construing his state post-conviction motion liberally, Heidelberg did raise a claim, in the highest state court, for ineffective assistance based on his attorney's failure to request a change of venue. Doc. [11-4] at 294 ("Defense counsel admitted to his awareness of District Attorney J. Ronald Parish, statement in the newspaper ad and did not request a motion for change of venue").

(e)(g) and (h) of Ground Two of the Petition [1] are procedurally barred from federal review.

Although a habeas claim is procedurally barred, a federal court still may consider it on the merits if there is either: (1) "cause and actual prejudice," or (2) a fundamental "miscarriage of justice." *See Bagwell v. Dretke*, 372 F.3d 748, 755 (5th Cir. 2004), *cert. denied*, 543 U.S. 989 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To show "cause and actual prejudice," a petitioner must prove that an external impediment prevented him from raising the defaulted claim. "'Cause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him." *Coleman*, 501 U.S. at 753. To show a fundamental miscarriage of justice, a petitioner must show "that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)).

Heidelberg argues that there is cause to excuse the procedural bar to his claims. He asserts that the default occurred through no fault of his own, but rather is a result of having ineffective counsel at trial and on appeal. Heidelberg relies on *Martinez v. Ryan*, 132 S.Ct. 1309, 182 L.Ed. 2d 272 (2012), to support his position. However, as the Respondent correctly points out, the holding in *Martinez* does not apply to this case.

In *Martinez*, the Supreme Court addressed the issue of "whether a federal habeas court may excuse a procedural default of an ineffective-assistance claim when the claim was not properly presented in state court due to [an] attorney's errors in an initial-review collateral proceeding." 132 S.Ct. 1309, 1313. The petitioner in *Martinez* was convicted under Arizona law, which requires claims of ineffective assistance to be raised in state collateral proceedings rather than on direct appeal. *Id*. at 1314 (citing *State v. Spreitz*, 202 Ariz. 1, 3, 39 P.3d 525, 527

(2002)).  The petitioner's attorney on appeal failed to raise ineffective assistance of trial counsel in the initial collateral proceedings.  When the petitioner's new attorney filed a second notice for post-conviction relief, the state court dismissed the ineffective assistance claim because it was not raised in the first proceeding.  Thereafter, the petitioner's request for federal habeas relief was denied based on the state procedural bar and on the *Coleman v. Thompson*, 501 U.S. 722, 753-754 (1991), premise that an attorney's errors in post-conviction proceedings do not establish cause for a default.  The Supreme Court held that:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

132 S.Ct. 1309, 1320.

The exception announced in *Martinez* only applies to ineffective assistance claims that are defaulted based on a state procedural bar.  Therefore, any argument by Heidelberg that the *Martinez* holding excepts his defaulted wrongful conviction claim under Ground Four from a procedural bar is improper.  Further, the *Martinez* holding does not apply to Heidelberg's defaulted claims for ineffective assistance because, unlike the petitioner in *Martinez*, Heidelberg was not deprived of his only opportunity to raise a claim of ineffective assistance of counsel.

Heidelberg had the opportunity to raise and did raise ineffective assistance claims in the Mississippi Supreme Court and in this Court.  He argued in his petition for post-conviction relief that he was denied effective counsel based on his attorney's failure to investigate, enter evidence at trial, request a change of venue, and prevent the prosecution's witnesses from giving perjured testimony.  In Ground Two of the instant Petition, he asserts those same claims and adds three

more claims of ineffective assistance. However, the added claims were raised for the first time in this Court. The Mississippi Supreme Court has not had the opportunity to review his ineffective assistance claims based on his trial counsel's alleged failure to object to admission of a rape kit, to challenge Juror 22, and to prevent Heidelberg from being sentenced as a habitual offender.

Unlike the facts in *Martinez*, this case does not involve a petitioner who was denied or otherwise prevented from raising his ineffective assistance claims in state court due to a state procedural bar. Heidelberg was not required under Mississippi law to bring his ineffective assistance claims in an initial-review collateral proceeding. Instead, this case concerns a petitioner who simply failed to raise certain ineffective assistance claims in state court. Therefore, the exception carved out in *Martinez* does not apply to the claims under Ground Two sub-parts (e)(g) and (h) of the Petition.

In addition, Heidelberg argues that he is excused from exhausting his claims because his attorney on direct appeal was constitutionally ineffective. Although an attorney's errors may sometimes excuse a procedural default, "the exhaustion doctrine...generally requires that a claim for ineffective assistance of counsel be presented to the state courts as an independent claim before it can be used to establish cause for the procedural default." *Hatten v. Quarterman,* 570 F.3d 595, 605 (5th Cir. 2009) (quoting *Murray v. Carrier,* 477 U.S. 478, 488-89, 106 S.C.t 2639, 2646, 91 L.Ed. 2d 397 (1986)). That is, counsel's failure to preserve Heidelberg's claims is in itself a separate claim that must be exhausted before it can be relied upon as cause to excuse a

procedural bar.[13]  Here, Heidelberg did not raise his ineffective appellate counsel argument in the

Mississippi Supreme Court.[14]  Therefore, because he did not exhaust his ineffective appellate

counsel argument, that claim is procedurally barred from this Court's review and cannot be

relied upon as a basis for cause and actual prejudice to excuse the procedural default.[15]

As discussed *supra,* the *Martinez* holding does not apply to this case.  The Petitioner's

second argument, ineffective appellate counsel, is unexhausted and does not establish cause to

excuse the procedural bar to his claims.  In light of Heidelberg's failure to make a showing of

cause, the "cause and actual prejudice" standard does not apply.

Similarly, the fundamental miscarriage of justice exception does not apply because

Heidelberg does not establish, "as a factual matter, that he did not commit the crime of

conviction." *Ward*, 53 F.3d at 108.  According to the Fifth Circuit, for the fundamental

miscarriage exception to apply, a petitioner:

> ...must support his allegations with new, reliable evidence that was not presented
> at trial and must show that it was more likely than not that no reasonable juror
> would have convicted him in the light of the new evidence.  Examples of new,
> reliable evidence that may establish factual innocence include exculpatory
> scientific evidence, credible declarations of guilt by another, trustworthy
> eyewitness accounts, and certain physical evidence.

*Fairman v. Anderson*, 188 F.3d at 644 (internal quotations and citations omitted).

---

[13]"[A] constitutional claim alleged as cause for a procedural default must itself be
exhausted..." *Scheanette v. Quarterman*, 482 F.3d 815, 824 n. 48 (5th Cir. 2007) (citing
*Edwards v. Carpenter*, 529 U.S. 446, 453, 120 S.Ct. 1587, 146 L.Ed. 518 (2000)).

[14]Obviously, Heidelberg could not have raised ineffective assistance of appellate counsel
on direct appeal as those claims were not ripe.  However, he could have raised them in his
petition for certiorari or in his motion for post-conviction relief, but he did not.

[15]*See Hatten,* 570 F.3d at 605 (stating that because the petitioner "did not exhaust his
ineffective appellate counsel argument, it is procedurally barred from review of the underlying
unexhausted habeas claims).

In this case, Heidelberg presents no new, reliable evidence to support a claim of actual innocence. He only makes allegations of innocence and arguments that he was improperly sentenced by the trial court. Since the Petitioner fails to demonstrate actual innocence of sexual battery, the fundamental miscarriage of justice standard is inapplicable. Because neither the cause and actual prejudice nor the fundamental miscarriage of justice standard applies, the procedural default to the claims under Ground Four and under sub-parts (e)(g) and (h) of Ground Two cannot be excused. Therefore, they are barred from this Court's review.

Furthermore, the Respondent contends that Heidelberg's claim in Ground Three is also barred. In Ground Three of the Petition, Heidelberg asserts that he was improperly sentenced as a habitual offender. He claims that the prosecution failed to prove beyond a reasonable doubt that he was a habitual criminal and, therefore, the trial court should not have sentenced him to life imprisonment without the possibility of parole. However, at the sentencing hearing, Heidelberg, through his attorney, did not object to the State's evidence. The first instance the Petitioner challenged his sentence was on direct appeal. Upon review, the Mississippi Court of Appeals found that because Heidelberg had not previously challenged his sentence, his claim was procedurally barred. *Heidelberg*, 45 So. 3d at 732. The appellate court explained that Mississippi law requires an accused to object to a habitual offender issue during the sentencing phase in order to preserve that issue on appeal. *Id.*; *Sims v. State*, 775 So. 2d 1291, 1294 (Miss. Ct. App. 2000) ("When an accused fails to object to the habitual offender issue during the sentencing phase, he is procedurally barred to do so the first time on appeal"). Because Heidelberg did not object during his sentencing hearing, his claim that he was improperly sentenced as a habitual offender is barred by Mississippi law.

In light of Heidelberg's failure to fulfill the state procedural requirement, this Court may not consider his improper sentence claim.[16]  "Under the procedural default doctrine, a federal court may not consider a state prisoner's federal habeas claim when the state [court] based its rejection of that claim on an adequate and independent state ground." *Thacker v. Dretke*, 396 F.3d 607, 614 (5th Cir. 2005) (internal quotations and citations omitted).  The Fifth Circuit has found that Mississippi's contemporaneous objection rule is an independent and adequate state procedural ground.[17]  Heidelberg's failure to comply with the rule means that he has defaulted his claim for improper sentencing.  Accordingly, he is not entitled to habeas relief as to Ground Three of the Petition.

Further, Heidelberg's Motion for New Sentencing [14] appears to be a rehashing of Ground Three.  In the motion, he argues that proof beyond a reasonable doubt was required before the trial court could impose an enhanced sentence.  He contends "[t]here was no clear evidence shown that penetration had taken place[,] only false statements which was not used as

---

[16]Federal habeas relief is generally unavailable if a state court does not hear a prisoner's federal claim "because the prisoner failed to fulfill a state procedural requirement, [and] the state procedural rule is independent and adequate to support the judgment."  *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001) (citing *Coleman v. Thompson*, 501 U.S. 722, 729-30, 111 S.Ct. 2546, 115 L.Ed. 2d 640 (1991)).

[17]*Smith v. Black*, 970 F.2d 1383, 1387 (5th Cir. 1992).  However, the *Smith* court found that the Mississippi Supreme Court had not consistently applied the contemporaneous objection bar in cases wherein a petitioner defaulted on a challenge to a jury's use of an "especially heinous" aggravating circumstance.  *Id.* at 1386-1387.  In the instant case, Heidelberg does not assert that Mississippi's contemporaneous objection bar is inconsistently applied in cases involving a petitioner who fails to object at a sentencing hearing.  Nevertheless, a review of Mississippi cases reveals that the continuous objection rule, as it relates to objections during a sentencing hearing, is applied consistently.  *See Cox v. State,* 793 So. 2d 591, 598-99 (Miss. 2001); *Hobgood v. State,* 926 So. 2d 847, 857 (Miss. 2006); *Hughes v. State*, 983 So. 2d 270, 282 (Miss. 2008); *Means v. State*, 43 So. 3d 438, 441 (Miss. 2010); *Green v. State*, 87 So. 3d 481, 483 (Miss. Ct. App. 2011); *Moore v. State*, 112 So. 3d 1084, 1088 (Miss. Ct. App. 2013).

exhibit [sic] during Heidelberg's trial[] on April 7, 2009." Doc. [14] at 2. Since the Petitioner's claim for improper sentence is procedurally barred from federal review, any request for re-sentencing is improper. Therefore, the Motion for New Sentencing [14] should be denied.

Exhausted Claims

Heidelberg has satisfied the exhaustion requirement as to Ground One and sub-parts (a), (b), (c), (d), and (f) under Ground Two of the Petition by giving the Mississippi Supreme Court an opportunity to resolve any constitutional issues therein.[18] Accordingly, Ground One and sub-parts (a), (b), (c), (d), and (f) under Ground Two are properly before this Court for consideration of whether habeas relief should be granted. Under the AEDPA, a petitioner who is in custody pursuant to a State court judgment is not entitled to federal habeas relief unless adjudication of the petitioner's claim(s):

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). In evaluating a petition for federal habeas relief, this Court must review pure questions of law and mixed questions of law and fact under § 2254(d)(1) and questions of fact under § 2254(d)(2). *McGowen v. Thaler*, 675 F.3d 482, 489 (5th Cir. 2012) (citing *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001)); *Corwin v. Johnson*, 150 F.3d 467, 471 (5th Cir. 1998).

---

[18]These grounds were "adjudicated on the merits in State court proceedings." 28 U.S.C. § 2254 (d).

15

Since Grounds One and Two[19] of the instant Petition involve mixed questions of law and fact, this Court may only grant habeas relief if the Mississippi Supreme Court's rulings as to these claims were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1).

"A state court's decision is 'contrary to' clearly established federal law if (1) the state court 'applies a rule that contradicts the governing law' announced in Supreme Court cases, or (2) the state court decides a case differently than the Supreme Court did on a set of materially indistinguishable facts." *Nelson v. Quarterman*, 472 F.3d 287, 292 (5th Cir. 2006) (en banc) (quoting *Mitchell v. Esparza,* 540 U.S. 12, 15-16, 124 S.Ct. 7, 157 L.Ed. 2d 263 (2003)). A state court unreasonably applies clearly established federal law within the meaning of the AEDPA if it identifies the correct "governing legal principle" from Supreme Court precedent and applies that principle in an "objectively unreasonable" manner. *Wiggins v. Smith,* 539 U.S. 510, 520 (2003) (quoting *Lockyer v. Andrade*, 538 U.S. 63, 76, 123 S.Ct. 1843, 152 L.Ed. 2d 914 (2002)); *Williams v. Taylor*, 529 U.S. 362, 409, 120 S.Ct. 1495, 146 L.Ed. 2d 389 (2000).

In Ground One, Heidelberg asserts that there was insufficient evidence to support his conviction and sentence. He argues that the State never proved penetration of the victim and that the only evidence presented was a bloodstain card, which identified Heidelberg as the person "the State was seeking to charge." Petition [1] at 5. He further argues that he was denied expert assistance in evaluating the State's evidence, that he was over-sentenced, and that the State charged him as a habitual offender without submitting proper legal documentation to warrant the

---

[19]"Claims of ineffective assistance of counsel involve mixed questions of law and fact and are governed by § 2254(d)(1)." *Gregory v. Thaler*, 601 F.3d 347, 351 (5th Cir. 2010).

sentence. *Id.*

As to a habeas petitioner's claims of insufficient evidence, "it is the responsibility of the jury--not the court--to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, --U.S. --, 132 S.Ct. 2, 4, 181 L.Ed.2d 311 (2011). Further, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Id.* (quoting *Renico v. Lett*, 559 U.S. ---, 130 S.Ct. 1855, 1862, 176 L.Ed.2d 678 (2010)).

Contrary to the Petitioner's argument in Ground One, there was sufficient evidence to support his conviction and sentence. Heidelberg contends that the State failed to prove that he penetrated the victim. However, the record reflects substantial evidence of Heidelberg's guilt. First, the victim testified that Heidelberg sexually assaulted her. She testified that on the day of the incident, Heidelberg gave her vodka to drink which caused her to fall asleep. She claimed that she later woke up in her mother's bed lying face down and could "feel him going in and out of me and stuff. I was crying." Doc. [11-2] at 74. Next, eyewitnesses confirmed the witness's testimony.[20] Finally, DNA evidence showed that Heidelberg's semen was found inside the

---

[20]One of the witnesses testified that he looked in the bedroom and saw "Roger Heidelberg and [the victim] in there having sex." Doc. [11-2] at 84. The other witness testified that he "saw Roger Heidelberg humping [the victim] from behind." Doc. [11-2] at 92.

victim.[21]  Doc. [11-2] at 108-111.  Based on this evidence, the State was able to prove that Heidelberg penetrated the victim.

In light of the DNA results and witness testimony, the Petitioner cannot meet his burden of showing that no reasonable trier of fact could have agreed with the jury.  *Cavazos*, 132 S.Ct. at 4.  Accordingly, he is not entitled to habeas relief on this claim.

In addition, Heidelberg's claim that the State did not submit sufficient evidence to support a habitual sentence must fail.  Under Miss. Code Ann. § 99-19-81,

> Every person convicted…of a felony who shall have been convicted twice previously of any felony or federal crime…and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution…shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.

Heidelberg was convicted of sexual battery under § 97-3-95(1)(d).  Mississippi law provides that the appropriate sentence for that crime is imprisonment "for life in the State Penitentiary or such lesser term of imprisonment as the court may determine, but not less than twenty (20) years." Miss. Code Ann. § 97-3-101(3).

In the underlying proceedings, the State presented certified copies of two prior orders against Heidelberg convicting him of felonies and sentencing him to a term of imprisonment exceeding one year.  Both orders were entered by the same court (Jones County Circuit Court) and signed by the same judge (Hon. Billy Joe Landrum) before whom the underlying criminal case was pending.  Prior to trial, the State requested and was granted leave to amend the indictment to reflect that Heidelberg was a habitual offender.  Considering the overwhelming

---

[21]A DNA expert testified that she detected "DNA that is consistent with [the victim] and Roger Heidelberg in the sperm fraction." Doc. [11-2] at 111.

evidence of his habitual offender status, the Petitioner cannot show that the trial court's order sentencing him as a habitual offender was objectively unreasonable. Therefore, Heidelberg is not entitled to habeas relief under Ground One of the Petition.

As to Ground Two of the Petition, Heidelberg argues that he received ineffective assistance of trial counsel. He specifically argues that his attorney failed to enter any evidence at trial, failed to request assistance in evaluating the State's evidence, failed to investigate, failed to request a change of venue, and allowed witnesses for the prosecution to offer perjured testimony. Heidelberg presented these claims to the Mississippi Supreme Court, which held that the Petitioner failed to "specifically allege that [his attorney] was ineffective and that but for counsel's deficient performance the results of the trial would have been different." Doc [11-4] at 269. The undersigned agrees with the state court's holding and finds that it is not contrary to nor is it an unreasonable application of clearly established federal law.

It was in *Strickland v. Washington*[22] that the United States Supreme Court defined the standard by which an ineffective assistance of counsel claim in a habeas proceeding is to be measured: the petitioner must show that his "counsel's performance was deficient" and that such "deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687; *see also Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994) (stating that satisfaction of the standard requires a showing that counsel's acts "fell below an objective standard of reasonableness"). "To meet the prejudice prong of the *Strickland* test, the defendant may not simply allege but must 'affirmatively prove' prejudice." *Bonvillain v. Blackburn*, 780 F.2d 1248, 1253 (5th Cir. 1986) (citing *Celestine v. Blackburn*, 750 F.2d 353, 356 (5th Cir. 1984)). The Petitioner must prove

---

[22]466 U.S. 668, 687 (1984).

that the outcome of his trial would have been different "but for counsel's alleged errors," and that "'the result of the proceedings was fundamentally unfair or unreliable.'" *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir. 1995) (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

This Court's "scrutiny of counsel's performance must be highly deferential" and it must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689; *see also Moawad v. Anderson*, 143 F.3d 942, 946 (5th Cir. 1998) (observing that the Fifth Circuit "gives great deference to counsel's assistance, strongly presuming that counsel has exercised reasonable professional judgment") (internal quotations and citations omitted). "Deficiency is measured by the reasonableness of attorney performance under prevailing professional norms, and review is accompanied by a strong presumption that counsel's performance was adequate and the product of reasoned trial strategy." *Charles v. Thaler*, 629 F.3d 494, 499 (5th Cir. 2011) (internal quotation marks and citations omitted).

This Court is to evaluate a habeas petitioner's claim for ineffective assistance by looking to the *Strickland* standards. However, the Fifth Circuit stated in *Schaetzle v. Cockrell,*[23] that:

> It bears repeating that the test for federal habeas purposes is not whether [the petitioner] made [the *Strickland*] showing. Instead, the test is whether the state court's decision-that [the petitioner] did not make the *Strickland*-showing-was contrary to, or an unreasonable application of, the standards, provided by the clearly established federal law (*Strickland*), for succeeding on his IAC claim.

The Supreme Court warned in *Harrington v. Richter*, –U.S.–, 131 S.Ct. 770, 788, 178 L.Ed. 2d 624 (2011):

> Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d)

_____

[23]343 F.3d 440, 444 (5th Cir. 2003), *cert. denied sub nom. Schaetzle v. Dretke*, 540 U.S. 1154, 124 S.Ct. 1156, 1157 L.Ed. 2d 1050 (2004).

applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

In the instant Petition, Heidelberg does not show that the Mississippi Supreme Court's decision on his ineffective assistance claim was contrary to or an unreasonable application of *Strickland*. The state court found that Heidelberg failed to meet his burden of showing that but for his attorney's errors, the trial outcome would have been different.

Heidelberg argues in sub-part (a) of Ground Two that his counsel allowed witnesses for the prosecution to offer perjured testimony. However, Heidelberg does not prove that any of the testimony was false. Trial counsel objected during the witnesses' testimony and tried to refute their testimony on cross-examination. It is unclear what the Petitioner is claiming trial counsel could have done differently or how a failure to do so resulted in prejudice. Since the Petitioner does not demonstrate that his attorney was ineffective, his claim must fail.[24]

Likewise, his claim under sub-part (b) of Ground Two–that his attorney failed to enter any evidence–must also fail. Heidelberg appears to suggest that his trial counsel should have introduced evidence refuting the victim's testimony. The Petitioner submits a letter that he claims was written by the victim stating that she had been molested and/ or sexually abused by many people throughout her life. Doc. [6] at 12-14. Assuming that the victim wrote the letter, it still does not prove that Heidelberg did not sexually assault her on November 17, 2007. Further, the letter is not dated so there is no way to prove that it existed at the time of the trial. Heidelberg is not entitled to habeas relief on this claim.

---

[24]Conclusory or unsupported "allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding." *Collier v. Cockrell*, 300 F.3d 577, 587 (5th Cir. 2002) (quoting *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000)).

In sub-part (c), the Petitioner argues that his attorney failed to request assistance in evaluating the State's evidence. This claim, however, is not true. On June 23, 2008, Heidelberg's attorney filed a motion in the trial court for a DNA expert.[25] Doc. [11-1] at 11. The record does not contain the court's ruling on that motion, but the court was not required to grant the motion just because it was filed. According to the trial transcript, the defense did not have an expert witness testify at trial. Instead, Heidelberg's attorney challenged the testimony of the State's DNA expert during cross-examination. Heidelberg's attorney sought assistance in evaluating the State's evidence, as is demonstrated by the filing of a motion for a DNA expert. Therefore, Heidelberg's claim for ineffective counsel based on a failure to request assistance must fail.

In sub-part (d) of Ground Two, Heidelberg argues that his attorney failed to investigate the case. However, he does not show that the investigation would have revealed any evidence to prove his innocence. He argues instead that had an investigation taken place, his attorney would have discovered that one of the people performing a DNA test in the case has the same last name as a police officer at the Laurel Police Department.

To establish a constitutional violation, a "defendant must show both a failure to investigate adequately and prejudice arising from that failure." *Gray v. Lucas*, 677 F.2d 1086, 1093 (5th Cir. 1982). "An application 'who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial.'" *Gregory v. Thaler*, 601 F.3d 347, 352, (5th Cir.

_____

[25]The record reflects that the Motion for DNA Expert was filed by Attorney John Piazza who was later replaced by Attorney Michael Mitchell. *See* Doc. [11-1] at 11-12, 19

22

2010) (quoting *U.S. v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989).

Heidelberg does not show that his attorney failed to adequately investigate his case. Heidelberg also does not how his assertion that one of the DNA testers and a Laurel police officer were related, if true, would have changed the outcome of the case. Assuming the Petitioner could prove a failure to investigate, he still could not prevail on this claim because he has not shown any prejudice arising from such a failure. Heidelberg's bare allegation of ineffective assistance based on a failure to investigate does not rise to a constitutional violation. *Collier*, 300 F.3d at 587. He is not entitled to habeas relief on this claim.

As to sub-part (f) of Ground Two, Heidelberg argues that his attorney failed to request a change of venue. Heidelberg claims he asked his attorney to request a change of venue after the prosecutor in the case made a comment to a newspaper reporter about the case. The statement at issue related to a note the jury sent to the trial judge during deliberation. According to a newspaper article, the prosecutor stated: "I've never seen a note like that come out of a jury in my 30 years as a prosecutor. I will try this guy until 12 people reach a verdict, or I'm dead, or until he's dead, or until Hell freezes over. I'm tired of these sexual predators running all over Laurel, Miss." Doc. [3] at 19.

At the time Heidelberg asked his attorney to file a change of venue motion, venue could not have been changed. The trial was over and the case had been submitted to the jury. A motion for change of venue at that point would have been futile. In addition, Heidelberg does not show that a change of venue would have affected the outcome of his trial. He does not demonstrate that trial counsel erred when he did not file such a motion while the jury deliberated. Likewise, he does not show that a change of venue would have resulted in a

different outcome of the case. Therefore, his claim is without merit.

In light of the foregoing, the Petitioner fails to meet his burden of proof under *Strickland* to show that he received ineffective assistance of counsel during the underlying criminal case. He does not establish that the Mississippi Supreme Court's ruling on this issue was contrary to or an unreasonable application of clearly established federal law. Therefore, his request for habeas relief under Ground Two should be denied.

## RECOMMENDATION

Based on the above analysis, the undersigned recommends that Roger E. Heidelberg's Petition for Writ of Habeas Corpus [1], as amended, pursuant to 28 U.S.C. § 2254 and Motion for New Sentencing [14] should be DENIED.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules, any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 26th day of July, 2013.

                                        **/s/MICHAEL T. PARKER**
                                        UNITED STATES MAGISTRATE JUDGE